### Charles ALEXANDER/RYAHIM, Appellant,

v.

**Daryl GARDNER, Sgt., Varner Super Max, ADC; Corcolis, CO–1, Varner Super Max, ADC; Floyd Williams, CO–1, Varner Super Max, ADC; Michelle Rucker, CO–1, Varner Super Max, ADC; Ransom Evans, Lt., Varner Super Max, ADC; Tim Moncrief, Assistant Warden, Varner Super Max, ADC; Patricia Kelly, Dr., Varner Super Max, ADC (originally sued as Kelly); Tanyon Norman, Nurse, Varner Super Max, ADC (originally sued as Norman); Jerry King, Nurse, Varner Super Max, ADC (originally sued as King), Appellees.**

No. 07–2489.

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 23, 2008.

Filed: Oct. 27, 2008.

Charles Alexander/Ryahim, Grady, AR, pro se.

Michelle Banks Odum, White Hall, AR, Patrick E. Hollingsworth, Assistant Attorney General, Little Rock, AR, for Appellees.

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

Arkansas inmate Charles Alexander/Ryahim appeals the district court's[1] adverse judgment entered upon a jury verdict in this 42 U.S.C. § 1983 action. On appeal, Ryahim unsuccessfully requested preparation of a transcript at government expense, and he has provided no justification for reconsideration of that decision. We therefore cannot review most of the evidentiary matters about which Ryahim complains involving such things as admission or exclusion of evidence, judicial bias, or the jury's verdict, *see* Fed. R.App. P. 10(b)(1) (discussing appellant's duty to order transcript); *Schmid v. United Bhd. of Carpenters & Joiners*, 827 F.2d 384, 385–86 (8th Cir.1987) (per curiam) (where pro se appellant did not order trial transcript, this court could not review claims of judicial bias, evidentiary rulings, or sufficiency of evidence), and we find Ryahim's remaining arguments to be raised for the first time on appeal or meritless.

Accordingly, the judgment is affirmed, *see* 8th Cir. R. 47B, and the pending motions are denied.

---

[1] The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).